HEIRS OF IGNACIO RAMÍREZ CHERENA, Plaintiffs and Appellees, *v.* RAMÓN TROCHE RODRÍGUEZ ET AL., Defendants and Appellants.

No. 4162. Argued February 9, 1929.—Decided April 2, 1929.

*Carlos del Toro* for the appellants. *A. Ortiz Toro* and *A. Marín Marién* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In 1923 Ramón Troche Rodríguez brought an action of debt against his father-in-law, Ignacio Ramírez Cherena, to recover the sum of $3,000 and after the default of the defendant had been noted and judgment had been entered against him by the clerk of the trial court, the marshal levied on property of the defendant and publicly sold it to the plaintiff for the sum of $2,000. A few months later Ramírez Cherena died and then some of his children sued the other children, who refused to be plaintiffs, and Ramón Troche to have the court set aside the judgment entered in the action brought by Troche and the sale of the property to the plaintiff, alleging that although it was true that Ramírez Cherena had been given a copy of the complaint on being summoned,

he was not served with a copy of the summons; that Ramírez Cherena was summoned secludedly, he being at that time of advanced years and incapacitated by mental degeneration produced by senility, and that the averments of Troche's complaint were false because Ramírez Cherena owed him nothing.

Ramón Troche was the only defendant who appeared in the action to oppose the complaint and he filed a counter-complaint to recover from Ramírez Cherena's children as his heirs the $1,000 with interest which had not been satisfied from the judgment, another sum which Ramírez owed him and one hundred dollars paid for his funeral. The plaintiffs answered in opposition to the counter-complaint. After the corresponding trial judgment was rendered sustaining the complaint and dismissing the counter-complaint, thereby setting aside the judgment and the sale of the property made in Troche's action, with the costs against him. Troche took the present appeal from that judgment, alleging as one of the grounds of his appeal that the judgment is not justified by the evidence and is contrary to the law and the facts.

As the appellees admitted in their complaint that Ramírez Cherena was summoned in Troche's action against him and that a copy of the complaint was delivered to him, the only question that remains to be considered is whether he was given a copy of the summons as required by sections 92 and 93 of the Code of Civil Procedure, as amended in 1911 and 1915, as regards the manner of summoning defendants.

It results from the evidence that according to the return of the summons served on Ramírez Cherena in the action brought by Troche against him and made and sworn to by Juan Caraballo, the latter delivered to the said defendant a copy of the summons, and this alone raises the presumption that the copy was delivered. If this were not so, it would be a question of fact that should be proved. For the purpose of destroying that presumption at the trial the plaintiffs called Juan Caraballo as their witness and he testified that

he carried a summons to Ramírez Cherena and delivered it to him. Asked whether he delivered a copy of the complaint he answered in the affirmative. He was then asked by the plaintiffs whether the only thing which he delivered was a copy of the complaint and he answered affirmatively. Asked again whether the only thing delivered by him was a copy of the complaint, he answered: "Of a complaint." Having been asked again whether he had not left with him a copy of any other document, he answered that he did not understand such things as summons and documents. Being asked what was it that he delivered, he said "a summons" and insisted that he was sure about it. After this the attorney for the plaintiffs asked him whether he remembered having signed before a notary an affidavit relating to that summons and he answered affirmatively. That affidavit was made before the commencement of the present action, was introduced in evidence by the plaintiffs and admitted by the court over the objection of the defendants. Caraballo appears therein as saying, among other things, that he read the summons to Ramírez Cherena, but did not leave with him a copy of it. It was read to him to refresh his memory and he said that he signed it before a notary and that it was drafted by the attorney for the plaintiffs to whom he did not give that information. He also testified that the said attorney saw him the day before the trial and showed him the affidavit, the witness telling him that he would ratify a part of its contents. Cross-examined by the attorney for Troche and after examining the summons in the action whose nullity is now being ventilated, he said that a similar summons was delivered by him to Ramírez Cherena, and in answer to another cross-question he said that he delivered a copy of the summons independently of the copy of the complaint. This witness was called to testify a second time by the plaintiffs but made no statement favorable to them and on cross-examination stated that the contents of the return on the summons were true. The attorney for the plaintiffs testified that

he wrote the affidavit of Caraballo in accordance with his dictation. Other witnesses testified, but their testimony has nothing to do with the question being considered, for only one of them said that a copy of Troche's complaint was found in the wardrobe of Ramírez Cherena shortly after his death. It results from the evidence that Caraballo has also served summonses in other suits and that he is an itinerant newspaper seller who is not very familiar with such matters.

The fact that the plaintiffs delivered to their attorney the copy of Troche's complaint but not of the summons, a fact which may be due to distinct causes, is in our opinion what gave rise to the idea that no such copy was delivered to Ramírez Cherena, which culminated in the affidavit which Caraballo made before a notary.

As the appellees have admitted that Ramírez Cherena was summoned by Caraballo in Troche's action and that he delivered to him a copy of the complaint, we understand that the evidence introduced to destroy the verified return of the service made by Caraballo in which he swore that he delivered a copy of the summons to Cherena is not sufficient, for although it is true that Caraballo stated in his affidavit that he did not deliver such copy, it is also a fact that he testified at the trial that he delivered the said copy and that the contents of the return on the summons were true. It must be supposed that with the summons he was given a copy of it for the defendant, and it has not been shown what interest he had in not delivering that copy when in fact he made the citation and delivered a copy of the complaint to Ramírez Cherena, who was thus informed that he had been sued by Troche. On the other hand, considering the personality of Caraballo and his lack of a clear understanding of such matters, it is not surprising that he said in his affidavit that he had not delivered a copy of the summons, because he does not seem to have a clear knowledge of what is meant by that. But apart from this he testified repeatedly before the court that he delivered that copy and that the contents of

the return on the summons were true; therefore his testimony at the trial confirms the fact that the copy was delivered. Moreover, if it should be concluded that he committed perjury in his affidavit before the notary, his testimony would not be sufficient to destroy the presumption of truth attached to the return and there would be an absolute lack of evidence on the part of the plaintiffs as regards the fundamental principal of the complaint. From the foregoing we reach the conclusion that the trial court committed manifest error in finding that the plaintiffs proved the nullity of the summoning of Ramírez Cherena and therefore sustaining the complaint.

The plaintiffs also alleged that the summons was served secludedly on Ramírez Cherena who was an old man and therefore mentally incapacitated; but even admitting all that, it does not void the summons, because the process server is not bound to serve the summons in the presence of other people or to investigate whether or not the person to be served is incapacitated; apart from the fact that the preponderance of the evidence is that although Ramírez Cherena was an old man, he managed his own affairs.

It was also alleged by the plaintiffs that Ramírez Cherena did not owe Troche the amount claimed in his complaint, but this was a question to be raised in Troche's action and is not germane to that of quashing the summons. For the same reason Troche's counter-complaint should not have been sustained, because in an action of this nature a counter-complaint to recover money is not allowed, especially in this case wherein one of the claims of the counter-complaint is for money ordered to be paid by a judgment.

For the reasons stated the judgment appealed from must be reversed in so far as it sustains the complaint and imposes the costs, and substituted by another dismissing the complaint and the counter-complaint without special imposition of costs.